[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action for dissolution of marriage, from the evidence and the stipulation on file, the following facts are found.
The plaintiff whose maiden name was Cheryl Ann Copp and defendant intermarried at New London, Connecticut on February 22, 1974.
The plaintiff has resided continuously in this state for at least twelve months preceding the date of the filing of the complaint and this court has jurisdiction to proceed with the action and render judgment.
The marriage between the parties has broken down irretrievably.
The parties have but one child issue of the marriage Sean Richardson, born May 14, 1974. CT Page 10630
The court further finds that a judgment of dissolution should enter.
With respect to the minor child, it is found that both parties are desirous of having custody of the child and that both parties are capable of exercising custody of the child. The child, now seventeen years of age, prefers to live with defendant father, but remains close to plaintiff mother, who defers to her son's desire to live with the father. It is found that it would be in the best interest of the child that joint custody be awarded to the parties, and it is so awarded, with primary residence being with defendant. General Statutes Sections 46b-56(a) and 46b-56-56(b). Liberal reasonable right of visitation is awarded to plaintiff.
Plaintiff shall maintain medical insurance for the benefit of the minor child as available through her place of employment. All unreimbursed medical, dental, and other health related expenses shall be divided equally between the parties.
The provisions of General Statutes Section 46b-84c are applicable and are incorporated into this decree by reference.
Defendant, with whom the child is living, provides most of the financial support for the child, with plaintiff providing some assistance. The parties are obligated to provide financial support until the child reaches his eighteenth birthday on May 14, 1992. This could result in an order of support in accordance with the child support guidelines which would remain in effect for about twenty weeks.
The principal asset of the marriage with value is a 1986 Lincoln automobile with a value which does not exceed $10,000.00. It is ordered that this vehicle be sold for full value and that the net proceeds of the sale be distributed two-thirds to defendant, the custodial parent, and one-third to plaintiff.
Considering the above distribution, further support in accordance with the child support guidelines would be inappropriate.
The parties hold title to real estate, the former family home, in the city of New London. There is no equity in this property and foreclosure is imminent. It may be prudent for the parties to surrender the property to the mortgagee in lieu of foreclosure. The court, however, does not have CT Page 10631 sufficient information to include such an order in the judgment. Therefore, title will be left in the joint names of the parties and it is assumed that their actions, with respect to this real property, will be guided by common sense and a joint effort to do what is in the best interest of both. If this is not possible, a motion for specific modification could be filed.
The following items of personal property, now in the family residence, are set over and transferred to plaintiff: Microwave — hanging pot holder with pots and pans; table cloths; iron and board; vacuum cleaner; small glass table from Peter; box of curtains in basement; plaintiff's pictures and her knickknacks and collections; rocking chair, floor lamp and couch; one VCR; Mimi's bedroom set; single bed in spare room and bedding to it; oval braided rug; trunk (A.S.B.); plaintiff's Christmas ornaments and her photo albums; the washer and dryer; the silver items. The 1979 Ford Fairmont and plaintiff's retirement fund are also confirmed in the plaintiff. Plaintiff will be allowed to pick up the items of personal property located in the premises at 16 Sander Street. To assist her in removing the property, plaintiff may bring anyone she feels would be appropriate.
The camcorder, the 1984 Chevrolet van and his part interest in a boat are awarded to defendant.
Except as herein specifically provided, each party shall retain the property as shown on their most recent financial affidavits or on file.
The parties shall each be responsible for the payment of the debts and obligations as shown on their respective financial affidavits and shall hold each other harmless from liability on account of such debts.
Neither party shall be awarded alimony.
Plaintiff shall be restored to her birth name of Cheryl Ann Copp.
No attorney's fees are awarded to either party.
In rendering this decision and in effecting the above division of property, the court has considered the provisions of General Statutes Section 46b-81 and other applicable statutes.
Accordingly, judgment dissolving the marriage between the parties is rendered with terms and conditions as CT Page 10632 above stated.
PURTILL, J.